IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

———————————————

No. 20-11393-P

———————————————

MICHAEL WADE NANCE,

                                        Plaintiff - Appellant,

versus

COMMISSIONER, GEORGIA DEPARTMENT OF CORRECTIONS,
WARDEN, GEORGIA DIAGNOSTIC AND CLASSIFICATION PRISON,

                                        Defendants - Appellees.

———————————————

Appeal from the United States District Court
for the Northern District of Georgia

———————————————

ORDER:

Counsel for the parties in this appeal are to be prepared to address at oral argument the following two issues:

      1. Lethal injection is the only method of execution authorized by Georgia law. But Nance alleges that—because of his unique medical situation—the Eighth Amendment requires the State to use an alternative method, the firing squad. He seeks an injunction that would foreclose the State from implementing his death sentence under its present law. Does his section 1983 claim amount to a challenge to the fact of his sentence itself that must be reconstrued as a habeas petition? *See Bucklew v. Precythe*, 139 S. Ct. 1112, 1128 (2019) ("An inmate seeking to identify an alternative method of execution is not limited to choosing among those presently authorized by a particular State's law. . . . [But] existing state law might be relevant to determining the

proper procedural vehicle for the inmate's claim."); *Hill v. McDonough*, 547 U.S. 573, 582 (2006) ("If the relief sought would foreclose execution, recharacterizing a complaint as an action for habeas corpus might be proper."); *Nelson v. Campbell*, 541 U.S. 637, 644 (2004) ("In a State . . . where the legislature has established lethal injection as the preferred method of execution, a constitutional challenge seeking to permanently enjoin the use of lethal injection may amount to a challenge to the fact of the sentence itself.").

    2. If Nance's claim is a habeas petition, is it second or successive? The Supreme Court has held that the bar on second or successive petitions does not apply to certain claims that become ripe after a prisoner's first petition, but the scope of that holding is unclear. *Compare Panetti v. Quarterman*, 551 U.S. 938, 947 (2007) ("The statutory bar on 'second or successive' applications does not apply to a *Ford* claim brought in an application filed when the claim is first ripe."), *with Tompkins v. Sec'y, Dep't of Corr.*, 557 F.3d 1257, 1259 (11th Cir. 2009) ("[T]he [Supreme] Court was careful to limit its holding in [*Panetti*] to *Ford* claims."), *and Magwood v. Patterson*, 561 U.S. 320, 351 (2010) (Kennedy, J., dissenting) ("[T]he Court is limiting its new doctrine so it has no applicability to previously unexhausted *Ford* claims, confining the holding of *Panetti* to the facts of that case.").

DAVID J. SMITH
Clerk of the United States Court of
Appeals for the Eleventh Circuit

ENTERED FOR THE COURT - BY DIRECTION